USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HEIDI & HANS-JURGEN KOCH GBR,

                                  Plaintiff,

            -against-

BLUE LABEL SOLUTIONS LLC,

                                  Defendant.
-----------------------------------------------------------------X

**21-CV-2937 (LAK) (KHP)**

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Pending before the Court is a motion by Defendant Blue Label Solutions, LLC ("Defendant") to vacate the certificate of default entered by the Clerk of Court on July 21, 2021 at ECF No. 16. (Def.'s Mot. To Vacate, ECF No. 40.) For the reasons set forth below, Defendant's motion is GRANTED.[1]

## BACKGROUND

On April 6, 2021, Plaintiff Heidi & Hans-Jürgen Koch GbR ("Plaintiff"), commenced this action alleging copyright infringement under 17 U.S.C. § 101 *et seq* based on Defendant's use of a copyrighted photograph of a baboon on a computer without first obtaining a license and removing the photograph's attribution to Plaintiff. (Compl. ¶¶ 9-18., ECF No.1.) On June 4, 2021, Plaintiff served process on Defendant through the New York Secretary of State's office. (*See* Aff. of Serv., ECF No. 11.) On July 21, 2021, after Defendant's failure to respond to the Complaint, the Clerk of Court entered a certificate of default against Blue Label Solutions.

---

[1] A motion to set aside entry of default is subject to disposition by a Magistrate Judge under 28 U.S.C.§ 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), aff'd, 800 F. App'x 18 (2d Cir. 2020).

(Cert. of Default, ECF No. 16.)  On August 21, 2021, Plaintiff moved for a default judgment. (See Pl.'s Mot., ECF No. 24.)  On August 23, 2021, this Court scheduled an inquest hearing to be held on November 10, 2021.  (ECF No. 29.)  On November 9, 2021, counsel for Defendant filed a notice of appearance (ECF No. 32) and appeared at the hearing the following day.  On November 24, 2021, Defendant filed its motion to vacate the Clerk's certificate of default.  (See Def.'s Mot. To Vacate).  On November 30, 2021, Plaintiff filed its response asserting that it does not contest Defendant's request for vacatur.  (See Pl.'s Response, ECF No. 42.)

## **LEGAL STANDARDS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown.  Fed. R. Civ. P. 55(c).  Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).  *See Alexander v. Priv. Protective Servs., Inc.,* 2021 WL 3862057, at *1 (S.D.N.Y. Aug. 30, 2021) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).  "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits."  *Id.* at 174.  "The determination of whether to set aside a default is

2

left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and ... in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

## ANALYSIS

The Court finds that Defendant's default was not "willful" under the relevant legal standards. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Holland*, 2008 WL 3884354, at *2 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)).

In the present case, Defendant apparently failed to update the New York Secretary of State with its new address after relocating its New York office during the COVID-19 pandemic. (*See* Def.'s Mot. to Vacate, pg. 3.) Despite perfecting service under New York law, Defendant has represented it did not receive any of the documents filed in this case nor is there any evidence to suggest that Defendant sought to evade service. Resolving any doubts in favor of the Defendant, the Court finds that Defendant's conduct was not "willful." As to the second factor, Defendant has yet to show a meritorious defense exists as it has just begun its review of Plaintiff's allegations. (Def.'s Mot. to Vacate, pg. 7.)

As to the third factor, Plaintiff will not be prejudiced by vacating the certificate of default. Although Plaintiff had a motion for a default judgment pending at the time that

Defendant made its motion to set aside the default, Plaintiff will suffer no prejudice.  Plaintiff commenced this lawsuit in April of this year and can only show a slight delay which is insufficient for a finding of prejudice.  *See Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983) ("[D]elay alone is not a sufficient basis for establishing prejudice.") (internal citation omitted).

Furthermore, as Plaintiff does not oppose Plaintiff's motion for vacatur and this Circuit's preference for deciding cases on the merits, good cause exists to vacate the certificate of default.

## CONCLUSION

For the foregoing reasons, Defendant's motion to vacate the Clerk's Certificate of Default is GRANTED.  As Defendant has now appeared, Plaintiff's motion for default judgment at ECF No. 24 is terminated as moot.  Defendant shall have until December 22, 2021 to file a responsive pleading.

**SO ORDERED.**

DATED:    New York, New York
          December 1, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge